## George Palmer and another *v.* Henry R. Day.

Plaintiffs having instituted suit on a note, a creditor of theirs had a *fi. fa.* levied on it, when it was agreed by the parties, that the note should be delivered to him. The note, while yet in the hands of the clerk, was attached by certain persons who had commenced an action against the seizing creditor. On a rule taken by the latter, the court ordered the note to be delivered to him, and from this judgment the attaching parties appealed. Pending the appeal, the action commenced by them against the seizing creditor, was decided against them : *Held*, that being thus without interest, the appeal must be dismissed.

Appeal from the Commercial Court of New Orleans, *Watts,* J.

Palmer and another v. Day.

*L. C. Duncan*, for the appellants.

*Durell*, contra.

GARLAND, J. Palmer & Whiting instituted a suit on a promissory note against Day, pending which, Scott, who had a judgment against them, had an execution levied on it. All parties then agreed, that Scott should take the note, and enter a credit for the amount on his judgment. The note was on file in court, and when the counsel for Scott applied for it, the clerk refused to deliver it, alleging, that A. & G. H. Wellington had filed a suit and writ of attachment against Scott, and that their counsel had instructed him (the clerk) not to give up the note, although the process had not been issued. The counsel of Scott then moved for a rule on Palmer & Whiting, Day, and A. & G. H. Wellington, to show cause, why the note should not be delivered to him, in conformity with the agreement. After hearing the parties, the court ordered the note to be delivered to Scott, from which judgment A. & G. H. Wellington have appealed.

The record shows, that the appellants failed in their suit against Scott; (vide case of *Wellington and another* v. *Scott*, decided in April, 1842; 2 Robinson, 59;) consequently, they have no claim on the note, or interest in it. The record does not show the amount in contest, but if we were to judge from the petition of appeal and bond, it would appear to be less than three hundred dollars.

The case is evidently a fancy one, prosecuted for the purpose of having a difference of opinion between counsel decided. The appellant has no interest, admitting we have jurisdiction.

*Appeal dismissed.*